IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS ROWSEY,

  Petitioner,

v.

WARDEN, FCI CUMBERLAND,

  Respondent.

Civil Action No.:  BAH-24-2989

**MEMORANDUM OPINION**

    Petitioner Dennis Rowsey ("Petitioner") filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF 1.  Respondent Warden ("Respondent") of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") filed together a Response to the Court's Show Cause Order entered at ECF 4 and a Motion to Dismiss or, in the Alternative, for Summary Judgment.  *See* ECF 12.  Respondent filed supplemental exhibits to the Motion at ECF 15 and ECF 16.  Petitioner has not filed a response to the Motion despite being notified of his right to do so.  *See* ECF 13 (indicating a Rule 12/56 notice was mailed to Petitioner).  Upon review of the submitted materials, the Court finds that no hearing is necessary.  *See* Rules 1(b), 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023).  For the reasons set forth below, Respondent's motion is **GRANTED**.

**BACKGROUND**

    On February 25, 2024, while confined at FCI-Cumberland, Officer T. Harvey claimed Petitioner was out of bounds during count.  ECF 1, at 8.  Officer Harvey issued an incident report charging Petitioner with being in an unauthorized area and interfering with taking count.  *Id.*; *see also* ECF 1-1 (Exhibit A).  Petitioner lost 30 days of commissary privileges and was restricted

from transferring to another Bureau of Prisons ("BOP") facility for 18 months.  ECF 1 at 8; *see also* ECF 1-2 (Exhibit B).  By contrast, Petitioner asserts that a Counselor Rice attested that Petitioner was actually by his bed during the count, but that Counselor's Rice's statement was not reviewed during his hearing.  ECF 1, at 8.  Petitioner states that no investigation of the incident or the relevant video footage was conducted.  *Id.*  After the hearing the charge for being in an unauthorized area was dismissed, but Petitioner was found guilty of interfering with taking count.  *Id.* at 11.  He appealed his conviction to the Warden, Regional Office, and BOP Central Office, all to no avail.  *Id.*; *see also* ECF 1-3 (Exhibit C); ECF 1-4 (Exhibit D); ECF 1-5 (Exhibit E).

Petitioner further contends that Officer Harvey misidentified him because the cube assignment and housing unit stated in the incident report are not connected to Petitioner.  ECF 1, at 10.  He states that his due process rights were violated by BOP's failure to investigate the incident.  *Id.*  Petitioner asserts that, had BOP properly investigated, Counselor Rice would have appeared at the hearing and testified on Petitioner's behalf, demonstrating that the charges were inaccurate.  *Id.* at 1011.  Petitioner did not waive his right to have witnesses present at his disciplinary hearing.  *Id.* at 11.  Petitioner further asserts that the BOP violated the Administrative Procedures Act by not following proper procedure.  *Id.*

Petitioner seeks an order directing BOP to remove the infraction and sanctions from his record and to vacate the incident report and expunge it from his central record.  ECF 1, at 12.  Respondent asserts that the Petition must be denied because Petitioner's claims are not cognizable, as Petitioner does not challenge the fact or length of his confinement.  ECF 12, at 1.

## STANDARD OF REVIEW

"The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with statutory provisions or [the Rules Governing Section 2254 Cases], may be applied" to habeas

2

corpus proceedings. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.* (§ 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254). Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff [or petitioner]." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (noting that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"). "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere

3

information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted).

Finally, when presented with a motion to dismiss or, in the alternative, a motion for summary judgement, the disposition of the motion "implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In this case, Respondent's motion is styled as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. ECF 12. Because it is unnecessary to consider Respondent's exhibits in order to dispose of this matter, the Court declines to exercise its discretion and will consider the Motion as one seeking dismissal.

## DISCUSSION

Respondent argues that because Petitioner does not challenge the fact or duration of his detention, his claim is not cognizable for habeas relief pursuant to 28 U.S.C. § 2241. ECF 12, at 5. A section 2241 petition may be filed to contest the manner in which a sentence is executed. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. . . ."). To be entitled to the issuance of a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.

4

§ 2241(c); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Moreover, a petitioner must challenge the "fact or duration" of confinement and seek relief in the form of immediate release.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Seth v. McDonough*, 461 F. Supp. 3d 242, 256 (D. Md. 2020) (citing cases).

As relief here, Petitioner seeks expungement of the infraction and restoration of all the imposed sanctions, loss of commissary and transfer privileges.  ECF 1, at 12.  However, neither commissary or transfer privileges affect the fact or duration of Petitioner's confinement; rather, they concern the conditions of his confinement.  Conditions of confinement claims are not appropriately brought in a section 2241 claim.  The United States Court of Appeals for the Fourth Circuit has not issued a binding, precedential opinion on this issue.  *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (noting that the Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have determined that conditions of confinement claims must be brought only as a civil rights action, while the D.C., Second, and First Circuits recognize them in habeas petitions).  However, in *Wilborn*, an unpublished opinion, the Fourth Circuit held that challenges to the conditions of confinement cannot be brought as a habeas petition and noted that habeas corpus is "primarily a vehicle for attack by a confined person on the legality of his custody and [that] the traditional remedial scope of the writ has been to secure absolute release—either immediate or conditional—from that custody."  *Id.* at 163 (quoting *Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983)).  In other unpublished decisions, the Fourth Circuit has reiterated that conditions of confinement claims are not cognizable in habeas proceedings.  *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (determining that conditions claims are not cognizable in habeas proceedings.); *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014)

(holding the same).  Because Petitioner is challenging the conditions of his confinement, he fails to state a cognizable claim for federal habeas review.

## CONCLUSION

For the reasons explained above, Respondent's motion to dismiss, or in the alternative, for summary judgment, ECF 12, is granted.  A separate Order follows.

<u>June 30, 2025</u>                <u>          /s/                    </u>
Date                                                                  Brendan A. Hurson
                                                                      United States District Judge